IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE J. JOHNSON, # 223095, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DEWAYNE ESTES, *et al.,* )<br>)<br>Respondents. ) | CIVIL ACTION NO.<br>2:17-CV-593-MHT-CSC<br>[WO] |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on August 31, 2017, by Willie J. Johnson, an Alabama prisoner proceeding *pro se*. Doc. # 1.[1] Johnson challenges his 2014 Montgomery County murder conviction and his resulting sentence of life in prison without parole. Respondents argue Johnson's petition is time-barred under AEDPA's one-year limitation period, 28 U.S.C. § 2244(d). Doc. # 6. The court agrees and finds Johnson's petition should be denied without an evidentiary hearing and this case should be dismissed with prejudice.

### I. BACKGROUND

**A.    State Criminal Conviction**

On May 20, 2014, a Montgomery County jury found Johnson guilty of murder, in violation of § 13A-6-2, Ala. Code 1975. Doc. # 6-3 at 24–25. On July 16, 2014, the trial

---

[1] References to "Doc(s). #" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

court sentenced Johnson as a habitual felony offender to life in prison without parole. *Id.* at 29. Johnson appealed, arguing that (1) the trial court erred by failing to conduct an evidentiary hearing before denying his post-trial motion for a new trial, specifically, on his claim that his trial counsel operated under a conflict of interest; (2) the trial court erred by failing to instruct the jury on criminally negligent homicide as lesser-included offense of murder; and (3) his trial counsel rendered ineffective assistance in various ways. Doc. # 6-4.

On May 29, 2015, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Johnson's conviction and sentence. Doc. # 6-5. Johnson applied for rehearing, which was overruled. Docs. # 6-6, 6-7. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on August 7, 2015. Docs. # 6-8, 6-9. On that same date, a certificate of judgment was issued. Doc. # 6-9. Johnson did not seek certiorari review with the United States Supreme Court.

**B.     State Post-Conviction Proceedings**

On August 4, 2016, Johnson, proceeding *pro se,* filed a state petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure ("Rule 32 petition").[2] Doc. # 6-10 at 10–48. In his Rule 32 petition, Johnson reasserted the claims of trial court error he presented on direct appeal and also asserted claims that (1) his trial

---

[2] Under the "prison mailbox rule," the court deems the Rule 32 petition to be filed on the date Johnson delivered it to prison authorities for mailing, presumptively, August 4, 2016, the day that he represents he signed it. Doc. # 6-10 at 47. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

2

and appellate counsel rendered ineffective assistance; (2) the State withheld exculpatory evidence; (3) the trial court lacked jurisdiction to render judgment or impose sentence; (4) his sentence exceeded the maximum authorized by law; and (5) newly discovered evidence required that his conviction and sentence be vacated. *Id*. The State moved to dismiss Johnson's Rule 32 petition on October 13, 2016. *Id.* at 50–57.

Initially, the trial court scheduled Johnson's Rule 32 petition for a hearing, set for October 31, 2016, and appointed attorney Virgil Ford to represent Johnson at the hearing. Doc. # 6-10 at 64, 66. However, on October 24, 2016, the trial court entered an order denying Johnson's Rule 32 petition without holding a hearing. *Id*. at 67–68. On November 6, 2016, Ford moved to withdraw as Johnson's counsel because the Rule 32 petition had been disposed of. *Id*. at 73. The trial court granted Ford's motion to withdraw on November 7, 2016. *Id*. at 74.

Johnson did not file an appeal from the trial court's October 24, 2016 order denying his Rule 32 petition. On January 17, 2017, however, he filed a *pro se* petition under Rule 32.1(f) of the Alabama Rules of Criminal Procedure stating that, on January 10, he learned the trial court had denied his Rule 32 petition on October 24, 2016, and asking the court to allow him an out-of-time appeal from its judgment because his failure to appeal was through no fault of his own.[3]  Doc. # 6-11. On January 27, 2017, the trial court entered an order granting Johnson's petition for an out-of-time appeal. Doc. # 6-12.

---

[3] Rule 32.1(f) provides that a defendant convicted in state court may institute a proceeding in the court of conviction to secure relief on the ground that "[t]he petitioner failed to appeal within the prescribed time from the conviction or sentence itself *or from the dismissal or denial of a petition previously filed pursuant to this rule* and that failure was without fault on the petitioner's part." Ala.R.Crim.P. 32.1(f) (emphasis

3

Seventy-four days later, on April 11, 2017, Johnson—who had not filed a notice of appeal after the trial court's January 27, 2017 order—filed a motion asking the trial court to extend the time for him to file his out-of-time appeal. Doc. # 6-13. On April 21, 2017, the trial court entered an order denying Johnson's motion to extend the time to file an out-of-time appeal. Doc. # 6-14. On May 4, 2017, Johnson filed a motion captioned as a "Motion for Trial Court to Make a Determination Concerning Status of Instant Litigation and Provide Notice to Petitioner/Movant of Same." Doc. # 6-10 at 85–92. On May 17, 2017, the trial court entered an order addressing Johnson's motion for the status of his case. *Id.* at 93. In that order, the trial court stated:

> Johnson requested a status. Following his conviction, his appeal was denied. He filed this Rule 32 appeal which was dismissed 10/24/16/. A request for an out of time appeal of that dismissal was granted 1/27/17 but Johnson failed to timely appeal. He then requested an extension of time to appeal, which was denied.

*Id*.

## C.   Federal Habeas Petition

Johnson filed this § 2254 petition for federal habeas relief on August 31, 2017.[4] Johnson's petition includes claims that (1) he was denied due process, equal protection, and his right to counsel during trial, appeal, and post-conviction proceedings; (2) his trial and appellate counsel rendered ineffective assistance; (3) the State withheld exculpatory

---

added). In his petition for an out-of-time appeal under Rule 32.1(f), Johnson cited, among other things, Ford's withdrawal as his counsel in the Rule 32 proceedings and maintained he had believed his counsel was going to "handle this case." Doc. # 6-11 at 4.

[4] Although the petition was date-stamped as received in this court on September 5, 2017, Johnson represents that he delivered the petition to prison officials for mailing on August 31, 2017. Doc. # 1 at 13. Thus, under the prison mailbox rule, Johnson's petition is deemed to be filed on August 31, 2017.

4

evidence about the weapon used to kill the victim; (4) his sentence constitutes cruel and unusual punishment; and (5) he is actually innocent of the offense of which he was convicted. *See* Doc. # 1 at 15–32.

On October 2, 2017 (Doc. # 6), Respondents filed an answer arguing, among other things, that Johnson's petition is time-barred under AEDPA's one-year limitation period. *See* 28 U.S.C. § 2244(d). On September 6, 2019, Johnson filed an amendment to his petition (Doc. # 22) reasserting several claims in his original petition and asserting a new claim that various circumstances, including the ineffective assistance of his counsel, "compelled" him to testify and "become a witness against himself." *Id.* at 11–12. Respondents filed a supplemental answer arguing that the claims in Johnson's amendment, like the claims in his original petition, are time-barred. Doc. # 30.

## II.   DISCUSSION

### A.   AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for filing a § 2254 petition. Title 28 U.S.C. § 2244(d) of AEDPA states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.     Analysis of Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period runs from the date on which a petitioner's state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." Because Johnson applied for rehearing in the Alabama Court of Criminal Appeals after that court affirmed his conviction on direct appeal and thereafter filed a timely petition for certiorari review in the Alabama Supreme Court, he was allowed 90 days after the state court's August 7, 2015 issuance of a certificate of judgment to seek certiorari review in the United States Supreme Court. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003). Johnson filed no petition for writ of certiorari in the United States Supreme Court. Therefore, for purposes of AEDPA, his judgment of conviction became final—and the time for him to seek direct review expired—on November 5, 2015, i.e., 90 days after August 7,

6

2015.  *See Stafford*, 328 F.3d at 1303; *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). On that date, AEDPA's one-year limitation period began to run.  *See* 28 U.S.C. § 2244(a)(1)(A).  Absent some tolling event, statutory or equitable, the federal limitation period for Johnson to file a § 2254 petition expired on November 5, 2016.

### 1. <u>Statutory Tolling</u>

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence.  *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006).  Johnson filed an Alabama Rule 32 petition in the trial court on August 4, 2016.  *See* Doc. # 6-10 at 10–48.  At that point, AEDPA's limitation period had run for 273 days (from November 5, 2015 to August 4, 2016), leaving 92 days on the federal clock.  The AEDPA limitation period was statutorily tolled while proceedings on Johnson's Rule 32 petition remained "pending." *See* 28 U.S.C. § 2244(d)(2).

On October 24, 2016, the trial court entered an order denying Johnson's Rule 32 petition.  *See* Doc. # 6-10 at 67–68.  Under Alabama law, a Rule 32 petitioner has 42 days to appeal a decision denying his petition.  *See* Ala.R.Crim.P. 32.10(a); Ala.R.App.P. 4(b)(1); *see also Johnson v. Myers*, 2016 WL 8603656, at *2 (M.D. Ala. 2016).  Johnson did not file an appeal from the trial court's October 24, 2016 order denying his Rule

7

petition. Therefore, the Rule 32 proceeding was final on December 5, 2016—i.e., 42 days after the Rule 32 petition was denied. Once the Rule 32 proceeding was final, AEDPA's limitation period began to run again. *See* 28 U.S.C. § 2244(d)(2).

On January 17, 2017 (seven days after he says he learned about the denial of his Rule 32 petition), Johnson filed a petition under Ala.R.Crim.P. 32.1(f) asking for an out-of-time appeal from the denial of his Rule 32 petition. *See* Doc. # 6-11. Because, on January 27, 2017, the trial court entered an order granting Johnson's petition for an out-of-time appeal, this court finds Johnson's January 17, 2017 filing of his petition under Ala.R.Crim.P. 32.1(f) statutorily tolled AEDPA's limitation period pursuant to § 2244(d)(2).[5] At that point, the AEDPA limitation period had run for a total of 316 days (273 days + 43 days), leaving 49 days on the federal clock.

Johnson had 42 days to file an appeal of the denial of his Rule 32 petition once the trial court entered its January 27, 2017 order granting his petition for an out-of-time appeal. *See* Ala.R.Crim.P. 32.10(a); Ala.R.App.P. 4(b)(1). However, Johnson again failed to file an appeal. Therefore, 42 days after the trial court's January 27, 2017 order authorizing an out-of-time appeal—i.e., on March 10, 2017—Johnson's Rule 32 proceeding was final and AEDPA's limitation period began to run again.[6] 28 U.S.C. § 2244(d)(2).

---

[5] Alternatively, even if AEDPA's limitation period was not tolled pursuant to § 2244(d)(2) on the date Johnson's petition under Ala.R.Crim.P. 32.1(f) was filed (i.e., January 17, 2020), this court finds that equitable tolling principles apply to toll the limitation period from the filing of the Rule 32.1(f) petition to the date on which the trial court granted the petition and authorized Johnson to file an out-of-time appeal (i.e., January 27, 2020).

[6] Where a petitioner does not file a notice of appeal, a state post-conviction petition remains pending for purposes of AEDPA's tolling provisions during the time in which the petitioner could have filed a timely

As indicated above, on April 11, 2017 (approximately one month after expiration of the time for Johnson to file an out-of-time appeal), Johnson filed a motion asking the trial court to extend the time for him to file his out-of-time appeal. That motion was denied by the trial court on April 21, 2017. On May 4, 2017, Johnson filed a motion with the trial court asking the court to "make a determination" about the status of his case. And on May 17, 2017, the trial court entered an order advising Johnson he had failed to timely appeal after his request for an out-of-time appeal from the judgment denying his Rule 32 petition was granted.

Johnson did not file this § 2254 petition until August 31, 2017. Between March 10, 2017, when Johnson's out-of-time Rule 32 appeal proceeding was final (i.e., when Johnson failed to file an out-of-time appeal), and August 31, 2017, when Johnson filed his § 2254 petition, an additional 174 days of untolled time ran on the AEDPA clock.[7] All told, then, a total of 490 untolled days (316 days + 174 days) ran on the federal clock before Johnson filed his § 2254 petition. To be precise, AEDPA's one-year limitation period expired on

---

notice of appeal under state law. *See Cramer v. Sec'y Dep't of Corr.*, 461 F. 3d 1380, 1383 (11th Cir. 2006).

[7] The court notes that the federal limitation period ran untolled between December 5, 2016 (42 days after Johnson's Rule 32 petition was denied) and January 17, 2017 (when Johnson filed his petition seeking an out-of-time appeal under Rule 32.1(f)). Importantly, Johnson's success in receiving permission to file an out-of-time appeal under Rule 32.1(f) did not operate to restore the pendency of his Rule 32 petition such that the petition was pending under AEDPA—and the AEDPA limitation period thus statutorily tolled—from the date he filed the Rule 32 petition on August 4, 2016, until the date upon which his time to file an out-of-time appeal expired, i.e., March 10, 2017. *See Moore v. Crosby*, 321 F.3d 1377, 1378–81 (11th Cir. 2003). In other words, none of the time between December 5, 2016 and January 17, 2017 was tolled pursuant to § 2244(d)(2).

9

April 28, 2017 (49 days after March 10, 2017). Thus, Johnson filed his § 2254 petition well after expiration of the AEDPA limitation period set forth in § 2244(d)(1)(A).[8]

### 2. **Equitable Tolling**

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The diligence required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). "The petitioner bears the burden of showing that equitable tolling is warranted." *Id.*

---

[8] The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) provide no safe harbor for Johnson by affording a different triggering date so that AEDPA's limitation period commenced on some date later than November 5, 2015, or (with tolling under § 2244(d)(2)) expired on some date later than April 28, 2017. There is no evidence that an unlawful state action impeded Johnson from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Johnson submits no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Johnson also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

Johnson appears to invoke principles of equitable tolling in explaining why he did not file an appeal from the trial court's October 24, 2016 order denying his Rule 32 petition and why, later, he did not file an appeal from the trial court's January 27, 2017 order authorizing him to file an out-of-time appeal. *See* Doc. # 10 at 3–11. In offering these explanations, Johnson contends his § 2254 petition should be treated as timely and that his claims for relief should be addressed on the merits. First, although he is not clear on the matter, Johnson suggests, as he did in his petition for an out-of-time appeal filed with the trial court, that he did not learn until January 10, 2017, that the trial court had denied his Rule 32 petition on October 24, 2016. While the delay in an inmate's receipt of a necessary order can be an "extraordinary circumstance" for purposes of equitable tolling, *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1288 (11th Cir. 2002), the record is silent on whether Johnson exercised reasonable diligence in determining the status of his Rule 32 petition after it was filed and before January 10, 2017. For the sake of argument, however, this court assumes Johnson exercised the required diligence in keeping apprised of the status of his Rule 32 petition after filing it on August 4, 2016. Applying this assumption, the court considers that AEDPA's limitation period remained tolled from August 4, 2016, until March 10, 2017 (42 days after the trial court entered its January 27, 2017 order authorizing Johnson to file an out-of-time appeal of the Rule 32 denial). As to that period of time, the court considers equitable tolling to apply from December 5, 2016 (42 days after the Rule 32 petition was denied) until January 17, 2017 (when Johnson moved for an out-of-time appeal). As indicated earlier in this Recommendation, any other time during that period was statutorily tolled under § 2244(d)(2).

11

Johnson makes no claim, and the record does not support such a claim, that he was unaware at any time after January 27, 2017, that the trial court had authorized him to file an out-of-time appeal. Consequently, this court cannot find Johnson's failure to file an out-of-time appeal to be an extraordinary circumstance for purposes of equitable tolling, or that Johnson exercised reasonable diligence in pursuing his rights by filing an out-of-time appeal by March 10, 2017, that is, within 42 days after the trial court's January 27, 2017 order authorizing him to do so. Thus, under this scenario, AEDPA's limitation period began to run again on March 10, 2017, and no tolling event, statutory or equitable, occurred to toll the limitation period after that date. When Johnson filed his Rule 32 petition on August 4, 2016, the AEDPA limitation period had run for 273 days, and 92 days remained on the federal clock. Assuming the federal clock began to run again on March 10, 2017, AEDPA's limitation period expired on June 12, 2017—the first business day after June 10, 2017. Under this equitable-tolling scenario, then, Johnson filed his § 2254 petition (on August 31, 2017) 75 days too late

Even under the most lenient conceivable application of equitable tolling in this case, Johnson filed his § 2254 petition too late. As previously stated, on May 4, 2017, Johnson filed a motion with the trial court asking the court to determine the status of his case. On May 17, 2017, the trial court entered an order advising Johnson that he failed to file an out-of-time appeal from the denial of his Rule 32 petition after the court authorized him to do so. Johnson makes no claim, and the record would belie such a claim, that he was unaware at any time after May 17, 2017, of the trial court's order entered on that same date. Under the most lenient scenario justified in this case, then, AEDPA's limitation period began to

run again on May 17, 2017, and no tolling event, statutory or equitable, occurred to toll the limitation period after that date. Assuming here that the federal clock was previously tolled but began to run again on May 17, 2017, AEDPA's limitation period expired on August 17, 2017. Even under this most lenient equitable-tolling scenario, Johnson filed his § 2254 petition 14 days too late.

When applying the most lenient equitable tolling justified in this case, Johnson filed his § 2254 too late. Therefore, his petition is time-barred and his claims for relief are subject to no further review. *See* 28 U.S.C. § 2244(d)(1)(A).[9]

## C.     Actual Innocence

The statute of limitations may be overcome by a credible showing by the petitioner that he is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537.

---

[9] The claims in Johnson's September 6, 2019 amendment to his § 2254 petition, like the claims in his original petition, are clearly time-barred. Most of the claims in the amendment are reiterations of claims in the original petition. Only one claim in the amendment—that various circumstances "compelled" Johnson to testify—amounts to a new claim, and this new claim does not relate back to any claim in the original petition. Even so, because the original petition is time-barred, any claim in the amendment that relates back to the original petition is obviously time-barred as well.

13

Johnson claims he is actually innocent of the offense for which he was convicted. Doc. # 1 at 30–32. In this regard, he argues that the State did not prove he intended to kill the victim. *Id.* He also argues that the killing was an accident and, at most, constituted a lesser included offense of murder. *Id.*

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Johnson points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence. Instead, he reargues the sufficiency of—and the weight afforded—the State's evidence. Such arguments, predicated on Johnson's interpretation of the import of the evidence presented at trial, will not sustain a claim of actual innocence. *See Bousley*, 523 U.S. at 623–24; *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.,* 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala.

2012) (allegations going to sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence).

Johnson is not entitled to further review of what amounts to a sufficiency-of-the-evidence claim, because his § 2254 petition was filed after expiration of the federal limitation period. And he fails to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*.[10] As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Johnson's is not such a case.

Johnson's § 2254 petition is time-barred and his claims are not subject to further review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Johnson's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

---

[10] The Eleventh Circuit has left open the question of whether federal habeas courts may entertain "freestanding" actual-innocence claims in non-capital cases. *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1272 (11th Cir. 2010); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007). However, assuming solely for argument that Johnson may assert his "actual innocence" claim as a freestanding, "non-gateway" claim, such a claim would still be subject to AEDPA's procedural restrictions, including the limitation period in § 2244(d). *See, e.g., Moody v. Thomas*, 89 F. Supp. 3d 1167, 1270–71 (N.D. Ala. 2015) (freestanding actual-innocence claim, if cognizable, was subject to exhaustion requirement). In any event, as stated in this Recommendation, Johnson's actual-innocence claim amounts to a challenge to the sufficiency of and/or weight afforded the State's evidence. Such a claim, even if taken as a freestanding actual-innocence claim, is time-barred under § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 15, 2020.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 1st day of September, 2020.

     /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE